UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

```
------------------------------------------------------------X
                                                            :
MALIBU MEDIA, LLC,                                          :
                                                            :   Civil Action No. 2:13-cv-05486-LFR
                            Plaintiff,                      :
                                                            :
                vs.                                         :
                                                            :
JOHN DOE subscriber assigned IP address                     :
76.124.31.253,                                              :
                                                            :
                            Defendant.                      :
                                                            :
------------------------------------------------------------X
```

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO QUASH, OR IN THE ALTERNATIVE, FOR PROTECTIVE ORDER [CM/ECF 7]**

**I.  INTRODUCTION**

Plaintiff respectfully requests the Court deny Defendant's Motion because Defendant has not provided a valid reason to quash the subpoena. Defendant's *ad hominem* attacks are without merit. Plaintiff not only filed this suit for a proper purpose, but recently prevailed at trial in this district against defendants in similar copyright BitTorrent litigation. *See Malibu Media, LLC v. John Does 1, 6, 13, 14*, CIV.A. 12-2078, 2013 WL 3038025 (E.D. Pa. June 18, 2013) ("Malibu has satisfied its burden of proof with substantial evidence and deserves a large award.") Further, Plaintiff's Complaint has survived repeated 12(b)(6) motions to dismiss. And, Plaintiff's goal is not to seek settlements but instead to stop the piracy it experiences on a daily basis. Indeed, Plaintiff does not seek settlements prior to serving a defendant.

Courts in this District have repeatedly held that receiving the defendants' identity is not only relevant but necessary for Plaintiff to proceed with its case. *See Raw Films, Ltd. v. John Does 1-15*, CIV.A. 11-7248, 2012 WL 1019067 (E.D. Pa. Mar. 26, 2012*); Patrick Collins Inc. v.*

1

*John Does 1-18*, 2:11-cv-07252-MSG (E.D. Pa. May 7, 2012); *Malibu Media, LLC v. John Does 1-15*, CIV.A. 12-2077, 2012 WL 3089383 (E.D. Pa. July 30, 2012); *Malibu Media, LLC v. John Does 1-22*, 2:12-cv-02083-CDJ (E.D. Pa. July 30, 2012). "There is extensive caselaw supporting Plaintiff's actions in this case and precluding the Motion's requested relief. Plaintiff's copyright infringement action is contemplated by modern law and shall proceed." *Id*.

Plaintiff has a very serious problem with online infringement and no other option but to file suit against the owners of these IP addresses to obtain the infringers identity. If this Court were to follow Defendant's rationale, Plaintiff would have no recourse against the mass copyright infringement it suffers on a daily basis. For the foregoing reasons, as set forth below, Plaintiff respectfully requests this Court deny Defendant's motion to quash.

## II. FACTS

### A. Online Copyright Infringement Through the BitTorrent Protocol is a Serious and Significant Threat to Plaintiff's Business

Defendant's criticism of Plaintiff's copyright protection efforts is unjustified. Indeed, "[m]any internet blogs commenting on [these types of cases] ignore the rights of copyright owners to sue for infringement, and inappropriately belittle efforts of copyright owners to seek injunctions and damages." *Malibu Media, LLC v. John Does 1, 6, 13, 14 and Bryan White*, 2013 WL 3038025 at n.1 (E.D. Pa. June 18, 2013). In June, Plaintiff won the first ever BitTorrent copyright infringement lawsuit to reach trial. *See Id*. In his Memorandum Report after the conclusion of the trial, the Honorable Judge Baylson made a number of significant findings. Importantly, Judge Baylson expressly emphasized that "Malibu is *not* what has been referred to in the media and legal publications, and in the internet blogosphere, as a 'copyright troll' . . . Rather, Malibu is an actual producer of adult films and owns valid copyrights, registered with the United States Copyright Office, in its works." *Id.* (Emphasis in original).

### B. Malibu Media's Technology is Valid and Lawful

At the Bellwether trial, Tobias Fieser, on behalf of IPP, testified to the technology used to identify the John Doe's IP address. The same exact technology was used here, and Tobias Fieser has filed a declaration in support.

Judge Baylson has found this technology to be valid. "I concluded that Malibu had expended considerable effort and expense to determine the IP addresses of the infringing parties, and the technology employed by its consultants—both of whom were located in Germany and who testified at the trial of June 10, 2013—was valid." *Id.* at *2. Significantly, the only way Malibu Media receives a Doe Defendant's IP address is when an infringer enters a BitTorrent swarm and connects to IPP's servers. *See* Declaration of Tobias Fieser. [CM/ECF 5-3] at *5.

### C. Courts throughout the Country Have Expressly Found that Malibu Media's Counsel do not Engage in Improper Litigation Tactics

Most recently and notably, after concluding trial with Plaintiff, the Honorable Judge Baylson found Malibu Media did not use "unscrupulous tactics and false accusations to collect millions of dollars from innocent and injured computer users." *Malibu Media, LLC v. John Does 1, 6, 13, 14*, 2013 WL 3038025 (E.D. Pa. June 18, 2013). Similarly, the Honorable Judge Hegarty of the District of Colorado has stated: "the Court has also witnessed firsthand the Plaintiff's willingness to resolve cases without any monetary payment when a Defendant credibly denies infringement." *Malibu Media, LLC v. John Does 1-2, 4-8, 10-16, 18-21*, 2013 WL 1777710 (D. Colo. Feb. 12, 2013).

Other courts have also opined that the criticism Plaintiff receives is unwarranted. "[Defendant] has not presented any evidence that Malibu has engaged in harassing behavior for the Court to consider, nor has the Court observed bad faith behavior or the use of improper tactics on its part thus far." *Malibu Media, LLC v. John Does 1-6*, 2013 WL 2150679 (N.D. Ill.

3

May 17, 2013). *See also Malibu Media, LLC v. John Does 1-5,* 2012 WL 3641291, at *4 (S.D.N.Y. 2012) (same); *Malibu Media, LLC v. John Does 1-30*, 2:12-cv-13312-DPH-MJH [CM/ECF 61] at p. 15 (E.D. Mich. May 16, 2013) (same); *Malibu Media, LLC v. Reynolds*, 2013 WL 870618 at *7 (N.D. Ill. Mar. 7, 2013) ("the fact that suits of this nature settle quickly does not mean there is any wrongdoing on the part of copyright owners."); *Malibu Media, LLC v. John Does 1-9*, 8:12-cv-00669-SDM-AEP [CM/ECF 25] at p. 7 (M.D. Fla. July 6, 2012) (same).

### D. The Infringer

Defendant infringed twenty-five (25) of Plaintiff's copyrighted works between April 23, 2012 and August 8, 2013. *See* Complaint Exhibit A. Indeed, Defendant has illegally downloaded Plaintiff's movies over the course of nearly four months. By downloading each of these movies through the BitTorrent protocol, Defendant simultaneously distributes these movies to others, allowing other people to also steal Plaintiff's movies. *See* Complaint, at ¶¶ 11-20.

The length of time which Plaintiff's investigator recorded Defendant infringing Plaintiff's movies demonstrates that the infringer was not a mere guest or passerby. Indeed, it was someone with access to Defendant's Internet for a long period of time, consistently.

### III. THE COURT SHOULD NOT QUASH THE SUBPOENA

Rule 45(c)(3) provides that a court must modify or quash a subpoena that fails to allow a reasonable time to comply; requires a non-party to travel more than 100 miles (except for trial within the state); requires disclosure of privileged materials; or, subjects a person to undue burden. *See* Fed. R. Civ. P. 45(c)(3)(A)(i-iv). The Rule also provides for circumstances in which a court may modify or quash a subpoena. These circumstances are when the subpoena requires disclosure of trade secrets; disclosure of certain expert opinions; or, requires a nonparty to incur substantial expense to travel more than 100 miles to attend a trial. *See* Fed. R. Civ. P. 45(c)(3)(B)(i-iii).

4

### A. Defendant's Motion Fails to Provide a Valid Reason Under Rule 45 to Quash the Subpoena

Defendant has provided no reason under Rule 45 to quash Plaintiff's subpoena. Instead, Defendant's motion attacks the merits of Plaintiff's Complaint and denies liability for the alleged infringement. "[T]he fact that the ISP-identified subscriber is not necessarily the infringer is not grounds to quash a subpoena served on the ISP[.]" *Malibu Media LLC v. John Does 1-28*, 2012 WL 7748917, at *12 (E.D. Mich. 2012). "A general denial of liability . . . is not a basis for quashing the plaintiff's subpoenas and preventing the plaintiff from obtaining the putative defendants' identifying information." *Malibu Media LLC v. John Does 1-28*, 2012 WL 7748917, at *12 (E.D. Mich. 2012) quoting *Voltage Pictures, LLC v. Does 1–5,000,* 818 F.Supp.2d 28, 35 (D.D.C.2011). *See also Sojo Prods. Inc. v. Does 1-67*, 2013 WL 1759561, at *2 (E.D. Tenn. 2013) ("The putative Defendants may deny their liability once served with process in this case through appropriate pleadings, motions, or evidence at trial. A motion to quash is not the forum for addressing general denials of liability."). Arguments that go to the merits of Plaintiff's claims "do not address the propriety *vel non* of the subpoenas" and are therefore "irrelevant and premature." *Malibu Media, LLC v. John Does 1-14*, 287 F.R.D. 513, 517 (N.D. Ind. 2012).

### B. Plaintiff Must Obtain the Subpoena Response From Defendant's ISP to Protect its Copyrights

Without the identifying information of the internet subscriber who used Defendant's IP address to violate Plaintiff's copyrights, Plaintiff has no other way to begin to protect its copyrights against pervasive anonymous online infringement. *See e.g. Malibu Media, LLC v. John Does 1-6*, 2013 WL 2150679 at *5 (N.D. Ill. 2013) (denying motion to quash).

> The Court agrees with Malibu. If the Court were to quash the subpoena as the Putative Defendants urge, <u>it would be *impossible* for Malibu to protect its copyright against internet infringers</u>. Furthermore, the Putative Defendants do not contest Malibu's argument that "the *only* way to enforce one's copyrights against

5

online infringement is to subpoena the identity of the subscriber whose internet [connection] was used to commit the infringement." Even if, as the Putative Defendants contend, someone else used their internet connections to copy and distribute Malibu's films, <u>the identity of IP address holders is relevant to Malibu's claims: it can provide a useful starting point for identifying the actual infringer</u>. Thus, the Court finds that <u>the relevance of the IP address holders' identity outweighs the burden of its subpoena</u>.

*Id.* (Citations omitted, emphasis added.)

Even if the subscriber is not the infringer, Rule 26 of the Federal Rules of Civil Procedure provides for broad discovery. Rule 26(b)(1) permits parties to obtain discovery of "the identity and location of persons who know of any discoverable matter." *Raw Films, Ltd. v. John Does 1-15*, 2012 WL 1019067, at *6 (E.D. Pa. 2012) (holding that although the subpoena may only identify the subscriber and may not reveal the infringer's identity, the subpoenas are a proper use of discovery.). *See also e.g. Malibu Media, LLC v. John Does 1-15*, 2012 WL 3089383 at *9 (E.D. Pa. 2012) (denying motion to quash subpoena in similar BitTorrent copyright infringement case holding that the relevancy standard was satisfied); *Malibu Media, LLC v. John Does No. 1-30*, 2012 WL 6203697 at *4 (D.N.J. 2012) (same). "Relevance is a broad concept at the discovery phase . . . The identity of the customers associated with the Alleged IP addresses is relevant under this standard . . . The subpoenas to the ISP, therefore, are a proper use of discovery." *Patrick Collins, Inc. v. John Does 1-9*, 2012 WL 4321718 at *4 (C.D. Ill. 2012).

### C. Plaintiff's Complaint Survives a Motion to Dismiss

In every case where Plaintiff has been challenged with a 12(b)(6) motion, the court has found Plaintiff stated a plausible claim. "Accepting all factual allegations in the Amended Complaints as true, *Iqbal,* 556 at 678, the Court concludes Plaintiff has stated a claim upon which relief can be granted under the Copyright Act." *Id.* at *4. "These averments state a

plausible claim of direct infringement under the Copyright Act." *Id.* "Having carefully reviewed the allegations in the Complaint and the applicable authorities, the Court will deny the Motion because the Complaint adequately states a claim for copyright infringement." *Malibu Media, LLC v. Pelizzo*, 12-22768-CIV, 2012 WL 6680387 (S.D. Fla. Dec. 21, 2012).

> [L]ooking only at the Complaint--which is all the Court can review on a Rule 12(b)(6) motion--there is more than enough facts pleaded to state a claim of copyright infringement. Plaintiff may not ultimately succeed, but the place to test that is on a Rule 56 motion, or at trial, if necessary. This is the same result the Court reached on the same motion with the same attorneys in the same kind of copyright infringement action. See *Malibu Media v. Roy*, Case No. 12-cv-617 (W.D. Mich.)

*Malibu Media v. Pratt*, 1:12-cv-00621-RJJ (W.D. Mich. March 19, 2013). And, recently, Plaintiff's Complaint survived a motion for summary judgment. *See Malibu Media, LLC v. Fitzpatrick*, 1:12-CV-22767, 2013 WL 5674711 (S.D. Fla. Oct. 17, 2013).

### D. Plaintiff Does Not Object to a Protective Order Preserving Defendant's Public Anonymity

To the extent Defendant's letter requests a protective order, Plaintiff does not object to the Court allowing Defendant to proceed anonymously from the public view and remain as John Doe. However, Plaintiff does object to any protective order that would prohibit Plaintiff from receiving Defendant's identity because Plaintiff needs to be able to proceed with its claims and serve Defendant. That being said, Plaintiff will not call Defendant and seek a settlement prior to serving him with the Complaint. Indeed, this is Malibu Media's nationwide policy.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the subject motion.

Dated: November 15, 2013

Respectfully submitted,

FIORE & BARBER, LLC

By: /s/ *Christopher P. Fiore*
Christopher P. Fiore, Esquire
Aman M. Barber, III, Esquire
Attorneys for Plaintiff
425 Main Street, Suite 200
Harleysville, PA 19438
Tel: (215) 256-0205
Fax: (215) 256-9205
Email: cfiore@fiorebarber.com

## CERTIFICATE OF SERVICE

    I hereby certify that on November 15, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *Christopher P. Fiore*