IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALIBU MEDIA, LLC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 76.124.31.253 | : : : | NO. 13-5486 |

## ORDER

**AND NOW**, this 24th day of January, 2014, upon consideration of Defendant's Motion to Quash the Third Party Subpoena or, in the Alternative, for a Protective Order (Doc. 7), Plaintiff's Response (Doc. 8), and Defendant's Reply (to be docketed with this Order), it is hereby **ORDERED** that the Motion (Doc. 7) is **DENIED** in part and **GRANTED** in part, as follows:

1. Defendant's motion to quash is **DENIED.**[1]

2. Defendant's unopposed motion for a protective order to prevent the public disclosure of his identity is **GRANTED.**[2] Plaintiff shall not disclose any information relating to the identity of the defendant except, if necessary, to this Court through *in camera* submissions. Information obtained through discovery may be used only for purposes of this case. The parties

---

[1] A district court must quash a subpoena when, *inter alia*, it "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). For the reasons elaborated at length by other judges of this district, the identity of an IP address subscriber, in the circumstances here, is not privileged or protected matter; and a subpoena directed to the Internet Service Provider does not subject the defendant to an undue burden. *See, e.g.*., *Malibu Media, LLC v. John Does 1–16*, 902 F.Supp.2d 690, 697-99 (E.D. Pa. 2012) (Baylson, J.); *Malibu Media, LLC, v. John Does 1–15*, 2012 WL 3089383, at *6-10 (E.D. Pa. 2012) (Kelly, J.); *Raw Films, Ltd. v. John Does 1–15*, 2012 WL 1019067, at *6-8 (E.D. Pa. 2012) (McLaughlin, J.); *Malibu Media, LLC, v. John Does 1–30*, 2012 WL 6203697, at *2-6 (D.N.J. 2012) (Arpert, M.J.); *Malibu Media, LLC v. John Does 1-23*, 2013 WL 1389763, at *2 (E.D. Pa. 2013) (Perkin, M.J.). The defendant has not shown that there is any other basis for quashing the subpoena pursuant to Rule 45. The defendant's arguments relate, instead, to liability. S/he may renew them via a motion to dismiss or, when appropriate, a motion for summary judgment.

[2] Rule 26(c) of the Federal Rules of Civil Procedure provides that a court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *cf. Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (enumerating "a non-exhaustive list of factors" to be weighed in determining whether a party may proceed anonymously). Here, given the nature of the allegations, the fact that the IP address subscriber may have had no role in the alleged infringement, and the fact that the motion is unopposed, the Court finds that good cause exists.

shall redact or otherwise protect the identity of the defendant in all filings with the Court. The parties shall refer to the defendant as John Doe in any matters of record until further order of the Court.

BY THE COURT:

**/s/ L. Felipe Restrepo**
L. FELIPE RESTREPO
UNITED STATES DISTRICT JUDGE