FILED

**To:** Clerk of Courts

**Re:** Civil Action Case No. 13-5486

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

**Subject:** Please file and attach Surreply and attached subpoena as reference to Civil Action Case No. 13-5486.

Dear Clerk of Courts,

This letter serves as a surreply to the Plaintiff's response to the motion to quash/motion for a protective order in this case 13-5486.

The Plaintiff's response has revealed its spurious motives and bad faith in this matter. This is so because the facts alleged in Plaintiff's response directly conflict with the alleged facts in the Subpoena originally issued to Comcast by Plaintiff. In the Plaintiff's response, it states on **Page 3 item D entitled "The Infringer"** that material was downloaded 25 times during the period of April, 23, 2012 to August 8, 2013. However, in the Subpoena issued to Comcast by Plaintiff, Plaintiff notes that material was downloaded on only one occasion (i.e. 8/8/2013). See true and correct copy of the Subpoena attached hereto. This inconsistency strongly suggests that the Plaintiff is disorganized and lacks a core of reliable fact on which to base its Subpoena request in this case. In other words, Plaintiff is engaged in a fishing expedition to unjustly and falsely accuse an innocent person of unsubstantiated acts.

It is well known across the country that Malibu Media and similar outfits attempt to hold an individual's honor hostage unless and until the individual agrees to make "settlement" payments. Other courts have recognized the bad faith of plaintiffs such as Malibu Media. For example, the United States District Court for the Southern District of New York stated the following with respect to a similar discovery request by Next Phase Distribution, Inc.:

> [T]he Court recognizes that it is conceivable that several John Does identified in this case did not actually download the Motion Picture. See Digital Sin 176, 279 F.R.D. at 242 ("Plaintiff's counsel estimated that 30% of the names turned over by ISPs are not those of individuals who actually downloaded or shared copyrighted material." (emphasis removed)). Even though Next Phase believes it has correctly identified the alleged infringers by tracking their IP addresses, an IP address does not necessarily correlate to a particular alleged infringer because several people may access the same IP address:
>
>> [T]he assumption that the person who pays for Internet access at a given location is the same individual who allegedly downloaded a single sexually explicit film is tenuous, and one that has grown more so over time. An IP address provides only the location at which one of any number of computer devices may be deployed, much like a telephone number can be used for any number of telephones ... Thus, it is no more likely that the subscriber to an IP address carried

> out a particular computer function -- here the purported illegal downloading of a single pornographic film -- than to say an individual who pays the telephone bill made a specific telephone call.

*In re BitTorrent Adult Film*, Civil Action Nos. 11-3995, 12-1147, 12-1150, 12-1154. Aside from the obvious concerns associated with catching so many potentially uninvolved individuals in the wide net of this litigation, there is also the prospect that, even if a John Doe did not download the Motion Picture, he may feel compelled to settle the lawsuit confidentially in order to avoid the embarrassment of being named as a defendant in a case about the alleged illegal trading of a pornographic film. See Digital Sin 176, 279 F.R.D. at 242 ("This risk of false positives gives rise to the potential for coercing unjust settlements from innocent defendants such as individuals who want to avoid the embarrassment of having their names publicly associated with allegations of illegally downloading" pornography. (citation and internal quotation marks omitted)); MCGIP, LLC v. Does 1–149, No. 11 Civ. 2331, at *4 n. 5 (N.D.Cal. Sept. 16, 2011) ("[T]he subscribers, often embarrassed about the prospect of being named in a suit involving pornographic movies, settle."). The Court will not facilitate such coercive settlements by casting such an unnecessarily wide net. See In re BitTorrent Adult Film, at *10 ("[F]iling one mass action in order to identify ... doe defendants through pre-service discovery and [to] facilitate mass settlement is not what the joinder rules were established for." (citation and internal quotation marks omitted)).

*Next Phase Distribution, Inc. v. John Does 1-27*, 284 F.R.D. 165 (July 2012).

It should be noted that the Southern District, in August 2012, distinguished the facts of the above Next Phase case from a case involving Malibu Media. The Court specifically noted that, at the time of the August 2012 Malibu Media case, it was unaware of Malibu Media's abusive practices. Therefore, because Malibu Media's abusive practices are now well known across the country (as a simple Google search reveals), the Court's analysis from the Next Phase case as quoted above should be adopted and applied in this case.

Plaintiff has no evidence that I -- the owner of the subject ISP address -- am the individual who engaged in the alleged infringement. The reason Plaintiff has no such evidence is because it does not exist. Neither I nor my wife has ever downloaded any Malibu Media material to our computers or devices. Moreover, based on the factual inconsistency identified above, it appears that Plaintiff has no reliable core of evidence on which to base its Subpoena request with respect to the subject IP address. Therefore, Plaintiff lacks a good faith basis for its Subpoena request because the request is overbroad and unfounded and because it likely is made for the abusive purpose of obtaining extortion-like payments from an innocent IP address owner.

In view of the Plaintiff's failure to set forth consistent facts and given the tenuous basis for its Subpoena request, I once again request that this Court quash the Subpoena in this case.

If the Court is inclined to enforce this Subpoena notwithstanding my objection, I am hereby requesting the courtesy of oral argument before entry of a final order with respect to my motion.

**\*\*Please redact my name when docketing this letter.**

Respectfully submitted,



AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the Middle District of Pennsylvania

| MALIBU MEDIA, LLC  Plaintiff  v.  John Doe subscriber assigned IP address 76.124.31.253,  Defendant. | Civil Action No. 2:13-cv-05486-LFR  UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA |
|---|---|

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Comcast
c/o CT Corporation
116 Pine Street, Suite 320
Harrisburg, Pennsylvania 17101

[X] *Production*: YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Please produce documents identifying the name **AND** address of the defendant John Doe listed in the below chart. **Comcast shall provide a copy of the Court-Directed Notice to each defendant with seven (7) days of service of the subpoena.**

| IP Address | Date/Time UTC |
|---|---|
| 76.124.31.253 | 08/08/2013 08:37:54 |

| Place: Christopher P. Fiore, Esq.  Fiore & Barber  425 Main Street, Suite 200  Harleysville, PA 19438 | Date and Time:  November 12, 2013 @ 9:00 a.m. |
|---|---|

[ ] *Inspection of Premises*: YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 9/25/13

CLERK OF COURT

_____     OR     _____
Signature of Clerk or Deputy Clerk            Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing Plaintiff, who issues or requests this subpoena, are:
Christopher P. Fiore, Esq., Fiore & Barber, 425 Main Street, Suite 200, Harleysville, PA 19438, Telephone: (215) 256-0205 - Email: cfiore@fiorebarber.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**
**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information;
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**
**(1)** *Producing Documents or Electronically Stored Information.*
These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C).

The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial preparation material must: **(i)** expressly make the claim; and **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

(EPA195) Malibu Media v. John Doe
Case NO:2:13-cv-05486-LFR
Comcast

| IP Address | Date/Time UTC |
|---|---|
| 76.124.31.253 | 8/8/2013 8:37 |
| | |