THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Civil Action No. 13-cv-5486

Malibu Media, LLC,
    Plaintiff,

v.

Kyle Moyer,
    Defendant



ANSWER OF THE DEFENDANT

Defendant, appearing pro se, for his reply to complaint naming Malibu Media, LLC, as plaintiff, case number 13-cv-5486. All allegations of the Complaint(s) are denied unless expressly admitted herein.

DEFENSES

1. In the original subpoena for the release of the IP information, plaintiff was ordered for all court documents to remain anonymous. This summons clearly states Kyle Moyer as the defendant in direct violation of this court order.

2. In the United States District Court Southern District of Florida, Case No. 1:14-cv-20213-UU, Judge Ursula Ungaro, determined, "Plaintiff has shown that the geolocation software can provide a location for an infringing IP address; however, Plaintiff has not shown how this geolocation software can establish the identity of the Defendant. There is nothing that links the IP address location to the identity of the person actually downloading and viewing Plaintiff's videos, and establishing whether that person lives in this district. For example, when arguing that this IP address is not a coffee shop or open Wi-Fi network, Plaintiff points to the timing of the alleged infringement and the fact that the internet service provider typically provides internet to residences. Plaintiff then argues that a coffee shop owner could possibly identify the Defendant.

Even if this IP address is located within a residence, the geolocation software cannot identify who has access to that residence's computer and who would actually be using it to infringe Plaintiff's copyright. The Court finds that Plaintiff has not established good cause for the Court to reasonably rely on Plaintiff's usage of geolocation to establish the identity of the Defendant. The Court also finds that Plaintiff has not established good cause as to why this action should not be dismissed for improper venue." This is relevant to this case, as the Defendant was accessing the internet through an unsecured router that allowed open access. This situation has since been rectified, but at the time of the alleged infringements, the connection was not secure.

3. Plaintiff attempts to use circumstantial evidence to implicate the Defendant by matching other alleged BitTorrent downloads with files allegedly downloaded through the same IP address. What Plaintiff does not point out is that there are many files also allegedly downloaded through the same IP address that Defendant has no interest in such as music by artists such as Young Jeezy, Cannibal Corpse, and Judas Priest, as well as a download (of what is assumed to be software) that isn't even in English.

4. Plaintiff has been sanctioned by courts multiple times in the past for including files for which the Plaintiff does not own the copyright to in their complaints, as is done in this complaint.

5. The Plaintiff does not vigorously defend their copyright unless financial rewards are available for doing so. When using Google to search for some of the files listed in the complaint, many BitTorrent links show up in the listing. While the Defendant will admit that these torrent sites operate outside United States law and will not respond to takedown notices, Google will remove listings for infringing links when they receive a notice from the copyright owner. While some have been removed by such notices, there are still many listed. A company that is responsible for 40% of all copyright lawsuits in the country would be better served in removing the links to pirated copies of their material if they were sincerely suffering hardships through their existence.

6. Furthermore to the above, there are many streaming pornographic video sites such as redtube.com that include complete uploads of many of the files that Plaintiff is alleging to have been illegally downloaded. Plaintiff claims to be suffering losses through the unauthorized downloading of these files, while they make them available for free themselves.

7. Furthermore to the above, the movies filmed by the plaintiff are made available through a subscription service, where for a set fee, the user has unlimited access to all of the films. This is a similar business model to other online streaming services such as Netflix, Beats Music, Amazon Prime and other companies. However, to the Defendant's knowledge, none of those other companies allows direct download of their files. Defendant has a subscription to Beats Music. Using that service, Defendant can download music files, but only through the program installed on his device. Music files can not be downloaded for use outside of the program. This is to prevent unauthorized reproduction and pirating. Malibu Media's website does not have this level of protection of their works. Malibu Media's website allows full download of any and all files in formats that allow for the redistribution through any means that the downloader is capable of.

This allows for easy and unrestricted ability to redistribute the files as the downloader desires, through means both legal and illegal.

8. Furthermore to the above, technology exists to mark the individual files to be downloaded so that the person who uploaded the files can be determined and harsher legal action can be taken against them. This works as a stronger deterrent against the illegal distribution of copyrighted works rather than attempting to obtain money from downloaders after the fact. Malibu Media has seemingly failed to implement such tracking technologies in their files. If they have done so, they have not attempted to use that information to the best of my knowledge to deter copyright infringement.

9. In *Malibu Media v. John Doe* (NDIL 13-cv-06312), Plaintiff was questioned regarding IPP International UG, and Plaintiff responded with "pursuant to an oral contingency fee agreement, IPP International UG is entitled to a small portion of the proceeds from the resolution of this case in consideration for the services it provided." Plaintiff's lawyer argues, "IPP International UG is a 'fact witness' who is being paid pursuant to an 'oral contingency fee agreement.' Exh. E, p. 2, Resp. 1. No reason is provided why IPP's compensation information is confidential. In fact, to allow an expert witness's fees to not be released would deprive the jury of the ability to judge credibility. Further, Malibu has not provided any proposed protective order, even if it were protectable. With no reason provided, Malibu has refused to disclose the percentage, or amount of proceeds, it will receive from this case." The judge responded with, "with regards to confidentiality of its proceeds from cases involving the same peer infringers as disclosed in its Rule 26(a) disclosures, Malibu objects, stating, "Each of the settlement agreements contains a confidentiality clause which prohibits Plaintiff from disclosing the doe defendant's name and the terms of the Agreement." Exh. F, p. 3, Resp. 4. Malibu complains that disclosure would "spawn an avalanche of irrelevant litigation." Id. Doe's defense against a $3.6 million dollar suit simply cannot be handicapped by agreements that Malibu made with third-parties. Further, Malibu's settlement agreements are unenforceable under Seventh Circuit law and contrary to public policy. Union Oil Company of Cal., 220 F.3d at 567 ('Calling a settlement confidential does not make it a trade secret, any more than calling an executive's salary confidential would require a judge to close proceedings if a dispute erupted about payment..''). If there truly needs to be an avalanche of litigation, Malibu is simply having to lie in the bed it has made." In summary, if IPP International is the fact-finder and main witness that has determined Defendant's alleged guilt, the amount of money that IPP is being paid to determine this should be disclosed.

10. In 2:13-cv-00507, *Elf-Man LLC, v. Eric Cariveau* in the Western District of Washington, IPP International is also named as the fact-finder in a similar copyright infringement case. From this case, "28. On information and belief, plaintiff is using IPP Ltd, or IPP International, (IPP), fka Guardaley Ltd of Germany as its "investigator." IPP and Guardaley are noted for flawed and inaccurate data harvesting techniques. Guardaley is a defendant in a class action lawsuit in the District of Massachusetts, Case No. 1:10-cv-12043 alleging Guardaley's commission of fraud in connection with its barratrous relationship with a copyright owner and law firm in bringing lawsuits based on faulty investigation in order to drive nuisance settlements. Guardaley's

"technology" that has apparently been used in this case as plaintiff's only evidence has also been found fundamentally flawed by a German tribunal. Guardaley was sued by the German law firm Baumgarten Brandt because Guardaley did not reveal the flaws in its techniques to the law firm which hired it. The rulings from the German court found that Guardaley was operating a honeypot, seeding its clients' own works; that Guardaley's technology identifies as infringers those who only inquired about the file; that its technology identifies as infringers those who neither downloaded or uploaded; and did not identify how each IP address was identified. (Ex. 19 and 20 as previously filed in the District of Colorado in Malibu Media, LLC v. Fantalis et al., Case No.: 1:12-cv-00886-MSK-MEH). IPP is acting in concert with plaintiff in its unlawful barratrous scheme. Plaintiff has provided no witness in the United States as to the facts of its allegations of infringement against any of the defendants in any of the Washington state *Elf-Man* cases. [Defendants Answer, Page 39]" and "29. Plaintiff is operating this barratrous infringement lawsuit enterprise in Washington without any certificate of authority to conduct business in the state. On information and belief, plaintiff is paying for the "evidence" in its tables from IPP (and/or the delinquent South Dakota Crystal Bay Corporation) and has agreed to share proceeds of these matters with IPP (and/or the delinquent South Dakota Crystal Bay Corporation) and those responsible for creation of the tables. Unless enjoined, the plaintiff's unlawful conduct is certain to continue. [Defendants Answer, Page 41]" Since the sole witness and determiner of evidence in this case is a company that has been known to have faulty technology, to have made files available themselves for download to entrap downloaders, and to have receive a portion of monies received from defendants, their findings should not be allowed.

11. In Civil Action No. 13-cv-02691-WYD-MEH, Defendant Ben Miller asserts "Plaintiff's claims are barred by the doctrine of misuse of copyright" and that "Plaintiff uses the same procedures of monitoring unsuspecting members of the public, directly connecting with the individual's IP address, providing no 'cease and desist' notice, waiting until the evidence is destroyed, filing suit, and then offering to settle in exchange for dismissing the suit." The United States District Court for the District of Colorado upheld this defense.

12. In Malibu Media LLC v. Doe, ILND 14-cv-00693, Malibu Media laid forth its procedures for determining who to press charges against. In court documents, Malibu Media asserted "hardship is when a defendant may be liable for the conduct, but has extenuating circumstances where Plaintiff does not wish to proceed against him or her. Examples are when a defendant has little or no assets, defendant has serious illness or has recently deceased, defendant is currently active duty US military, defendant is a charitable organization or school, etc." This was in defense of claims made that Plaintiff is in the business of extorting money from people. These claims can be called into question through this case. Defendant had an income in 2013 of approximately $18,000.00. Defendant is providing for himself via a meager income and student financial aid. Defendant has very little assets and is hugely in debt.

13. Therefore, Defendant prays judgment in Defendant's favor. Defendant prays this case be dismissed with prejudice along with any further relief the court deems just and proper. Further the defendant sayeth not. By the Defendant acting pro se.

Dated: 7/8/2014

Kyle Moyer
100 Kleyona Ave
Phoenixville, PA 19460